[Civ. No. 1690. Fourth Appellate District.—November 12, 1937.]

MARY L. EMERSON, Respondent, v. BOARD OF TRUS-
TEES OF PAULARINO ELEMENTARY SCHOOL
DISTRICT OF ORANGE COUNTY, CALIFORNIA,
et al., Appellants.

W. F. Menton, District Attorney, and Preston Turner, Deputy District Attorney, for Appellants.

Morris Cain for Respondent.

BARNARD, P. J.—This is an appeal from a judgment ordering a writ of mandate to issue, commanding the trustees of an elementary school to pay a certain salary to a teacher.

The petitioner had taught in this school for some seventeen years and for some years had been classified as a permanent teacher under the tenure law. For two years, beginning in 1928, she was paid an annual salary of $1650; the next year she received $1550; the next three years she was paid $1400 a year; and for the next two years she was paid $1200 a year. In May, 1936, she was offered a contract for the year beginning July 1, 1936, her salary being fixed at $1,000. In August, 1936, the board wrote her a letter stating that she had not signed and returned her contract, that the reduction in her salary was made necessary because of lack of funds and requesting her to let them know whether she intended to accept the contract and teach during the coming year. She replied that she intended to teach, that she was informed that there was no lack of funds, that she believed the reduction in salary to be arbitrary and unjust, that the salary fixed was not a reasonable one and that she intended to take such steps as were available to have the same adjusted.

She then filed a petition asking that a writ of mandate issue directing the board to fix her salary at $1400 for the ensuing year "or at such lesser sum as to the court shall seem just and reasonable". At the hearing evidence was introduced that there was available the sum of $1418 in the teacher's salary fund for the school year 1936–1937. On behalf of the board there was testimony that during the school years 1933–34 and 1934–35 the board became indebted to the Santa Ana High School District in the sum of $846.91 for the tuition for pupils sent to that school; that it was unable to pay this bill during those years; that the same was paid

through a special assessment levied during the year 1935–36; that the board was unable to pay the petitioner's salary during the last month of the 1935–36 school year, since to do so would have caused the district to exceed its 5 per cent debt limitation; that this month's salary had to be paid out of the funds available for the year 1936–37; that the district would be required to send at least two pupils to the Santa Ana High School during the year 1936–37; that the estimated expense thereof would be about $400; and that this expense could only be paid out of the $1418 found available for teachers' salaries. The court found that sufficient funds were available to pay the petitioner a salary of $1200 for the year 1936–37, that the attempted reduction in salary from $1200 to $1,000 per year was arbitrary and unjust, that the sum of $1200 is a reasonable sum to be fixed as salary for that year, and entered judgment directing the board to issue the necessary warrants and to pay the petitioner a salary of $1200 for that year. The petitioner having gone on with her teaching duties, the judgment made provision for making up any deficiencies in the monthly payments already made to her.

A number of questions are raised by the appellants, but the only ones requiring consideration are whether the evidence supports the finding that the reduction in salary was arbitrary and unjust, and whether the court exceeded its jurisdiction in ordering the board to pay a salary of $1200 for the year in question.

Under the provisions of the School Code the power and duty of fixing salaries for teachers is given to and imposed upon the board of trustees of the district. There can be no question that such a board has the power to exercise a reasonable discretion in the matter of fixing salaries and to reduce the salary of a teacher if such reduction is not arbitrary or discriminatory. (*Hodge* v. *Board of Education,* 22 Cal. App. (2d) 341 [70 Pac. (2d) 1009].) No question of discrimination arises here, since the petitioner was the only teacher in this district. In *Abraham* v. *Sims,* 2 Cal. (2d) 698 [42 Pac. (2d) 1029], it is said:

" 'The legislature in this state designed to give teachers, under the defined conditions, a permanency of tenure, but this has, however, been held to carry with it no assurance against change in salary. That phase of the subject has been

so ably discussed in *Fidler* v. *Board of Trustees, supra* (112 Cal. App. 296, pp. 301, 305 [296 Pac. 912]), that it is needless to enlarge upon it here. The power of the trustees to raise or reduce the salaries of permanent teachers cannot be doubted, provided it is reasonably exercised and no attempt is made after the beginning of any particular school year to reduce the salaries for that year.' ''

In *Chambers* v. *Davis,* 131 Cal. App. 500 [22 Pac. (2d) 27, 30], the court said: ''There can be no doubt the board possesses a reasonable discretion in determining the amount of compensation to be paid to teachers under their jurisdiction. Except for a clear abuse of this discretion the amount of salary which is allowed by the board may not be interfered with by a court.''

The evidence, although conflicting, would support a finding that sufficient funds were on hand to pay a salary of $1200. The fact that funds are available, standing alone, is not sufficient to establish that a lesser salary would be arbitrary and unreasonable. If that be the criterion the court should have fixed this salary at $1418, as there was some evidence that this amount was available. The fact that a district employing one teacher might through fortuitous circumstances happen to have a large amount of money available in a particular year is not sufficient to justify a court in fixing the salary at that amount or in holding that a lesser amount would be unreasonable. The right and power to fix salaries rests with the board of trustees and in exercising a reasonable discretion they must take cognizance of many things. It is not only their duty to handle the public funds economically but they must anticipate and make allowances for expenses which may reasonably be expected and for emergencies.

Whether or not a certain salary is arbitrary and unreasonable involves many things other than what funds are available. Without doubt a reduction in salary made for the purpose of getting rid of a teacher who had acquired permanent status would be arbitrary and subject to correction by a court. But the mere fact that a salary is reduced is not in itself conclusive. It may be possible to suppose a case where the nature of the reduction would be such as to disclose in itself that it was unreasonable and arbitrary but this cannot be said of the one here in question. While there had

been several prior reductions of salary here the salary finally paid and received had in each instance been agreed to by the petitioner and it cannot be assumed that any of these reductions was not reasonably made and necessary to meet existing conditions. It appears from the evidence that this district had been unable to pay its bills during the two preceding years, and that an expense for tuition for pupils sent to another district was to be expected. The board was charged with the duty of trying to make the funds available cover the expenses which were reasonably to be anticipated. Where a reduction in salary is not such as to show in itself that it was arbitrarily made or made for a wrongful purpose, there must be some evidence to support a finding that it was arbitrarily made. While the fact that more money is available may have a bearing on the result, such a finding is not sufficient in itself to support the conclusion that the reduction was arbitrary or unreasonable.

Moreover, a court is without jurisdiction to decide what salary is reasonable and fix the same. The fact that a certain salary was paid for the previous year does not necessarily show that it is the reasonable and proper salary for the ensuing year. A discretion rests upon the board of trustees which can neither be arbitrarily exercised nor assumed by a court.

The judgment appealed from is reversed.

Marks, J., and Jennings, J., concurred.