[No. B043702. Second Dist., Div. Three. Nov. 17, 1989.]

KAY BELL, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
20TH CENTURY INSURANCE COMPANY, Real Party in Interest.

COUNSEL

Mazursky, Schwartz & Angelo and Jeffrey Ehrlich for Petitioner.

No appearance for Respondent.

Paul, Hastings, Janofsky & Walker, William S. Waldo, Paul W. Cane, Jr., and Linda M. Edwards for Real Party in Interest.

OPINION

ARABIAN, J.—

### INTRODUCTION

In this writ proceeding, we resolve the question of whether Corporations Code section 312, subdivision (b), forecloses petitioner, a former vice-president with real party in interest, from stating a cause of action for wrongful discharge premised upon an implied agreement of nontermination except for good cause. Interpreting the terms of the statute in accordance with well-established principles of contract law, we find she is not so precluded and issue a writ of mandate as prayed.

### FACTUAL AND PROCEDURAL BACKGROUND

Petitioner Kay Bell seeks extraordinary relief after respondent superior court sustained the demurrer of real party in interest, 20th Century Insurance Company, to her cause of action for breach of an implied contract of employment. We, therefore, advert to the pertinent facts as set forth in her complaint, expressing no opinion thereon except as to their legal sufficiency. (See *Dale* v. *City of Mountain View* (1976) 55 Cal.App.3d 101, 105 [127 Cal.Rptr. 520].)

Bell brought suit for wrongful discharge, asserting several causes of action including breach of implied contract. According to the allegations, she "was employed by [20th Century] for over eleven years when she was

terminated without notice or justifiable cause on January 22, 1988. On the date of [her] termination, she was an officer of [the company] and Vice President of Human Resources. [¶] Throughout [Bell's] length of service, she was continually praised for performance of her duties, received a promotion and was rewarded with continued salary increases, bonuses and stock grants. [¶] In consideration . . ., [20th Century] agreed to compensate [her] accordingly, and to deal fairly with her in her employment by not terminating her except for justifiable cause. [20th Century] recognized [this] obligation . . . in its written personnel policies and procedures," which were "applicable to [Bell] on the date of her termination." The complaint further alleged 20th Century had implicitly agreed, based upon Bell's "longevity of service, promotions, praise for her work, regular pay raises and bonuses, and . . . express personnel practices and policies indicating its obligation to deal fairly and in good faith," not to terminate her except for good cause.

20th Century demurred to the complaint, in part asserting Corporations Code section 312, subdivision (b), barred a corporate officer from claiming breach of implied contract for wrongful termination. Respondent court agreed and sustained that portion of the demurrer without leave to amend.

■ Bell petitioned this court for extraordinary relief, contending respondent erred in rejecting, as a matter of law, her action for breach of implied contract. Although appellate courts normally approach writ review of rulings on pleadings with "extreme reluctance" (*Babb* v. *Superior Court* (1971) 3 Cal.3d 841, 851 [92 Cal.Rptr. 179, 479 P.2d 379]), "[w]here an order bars a substantial portion of a plaintiff's case from being heard on the merits, a petition for writ of mandate to vacate that order may be maintained." (*Nazaroff* v. *Superior Court* (1978) 80 Cal.App.3d 553, 557-558 [145 Cal.Rptr. 657], disapproved on other grounds in *Thing* v. *La Chusa* (1989) 48 Cal.3d 644, 668 [257 Cal.Rptr. 865, 771 P.2d 814].) We, therefore, issued an alternative writ and solicited a response from real party in interest.

## DISCUSSION

■ Corporations Code section 312, subdivision (b), states in part as follows: "Except as otherwise provided by the articles or bylaws, officers shall be chosen by the board and serve at the pleasure of the board, subject to the rights, if any, of an officer under any contract of employment. . . ." Respondent court sustained 20th Century's demurrer based upon its conclusion that a corporate officer's at-will employment status can be altered only by a written contract to the contrary. ■■ We find this conclusion inconsistent with general principles of contract law and the rule of

statutory construction that " 'every statute should be construed with reference to the whole system of law of which it is a part so that all may be harmonized and have effect.' [Citation.]" (*Select Base Materials* v. *Board of Equal.* (1959) 51 Cal.2d 640, 645 [335 P.2d 672].)

██ ██ In construing the term "any contract of employment," "[w]e begin with the fundamental rule that a court 'should ascertain the intent of the Legislature so as to effectuate the purpose of the law.' [Citation.] In determining such intent '[t]he court turns first to the words themselves for the answer.' [Citation.] We are required to give effect to statutes 'according to the usual, ordinary import of the language employed in framing them.' [Citations.]" (*Moyer* v. *Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230 [110 Cal.Rptr. 144, 514 P.2d 1224].)

██ Since the initial enactment of the California Civil Code in 1872, by statutory definition "[a] contract is either express or implied." (Civ. Code, § 1619.) "An express contract is one, the terms of which are stated in words." (Civ. Code, § 1620.) "An implied contract is one, the existence and terms of which are manifested by conduct." (Civ. Code, § 1621.) "[I]mplied-in-fact contract terms ordinarily stand on equal footing with express terms. [Citation.]" (*Foley* v. *Interactive Data Corp.* (1988) 47 Cal.3d 654, 677-678 [254 Cal.Rptr. 211, 765 P.2d 373]; see also *Weitzenkorn* v. *Lesser* (1953) 40 Cal.2d 778, 794 [256 P.2d 947].) "[T]he essential difference between an implied and an express contract is the mode of proof. [Citation.]" (*Youngman* v. *Nevada Irrigation Dist.* (1969) 70 Cal.2d 240, 246 [74 Cal.Rptr. 398, 449 P.2d 462].)

██ Labor Code section 2922 creates a presumption that "employment, having no specified term, may be terminated at the will of either party on notice to the other. . . ." "This presumption may be superseded by a contract, express or implied, limiting the employer's right to discharge the employee. [Citations.]" (*Foley* v. *Interactive Data Corp., supra,* 47 Cal.3d at p. 665.) Such contrary evidence "may take the form of an agreement that the employment relationship will continue indefinitely, pending the occurrence of some event such as the employer's dissatisfaction with the employee's services or the existence of some 'cause' for termination." (*Pugh* v. *See's Candies, Inc.* (1981) 116 Cal.App.3d 311, 324-325 [171 Cal.Rptr. 917], fn. omitted.) These conclusions derive from an application of "basic contract principles in the employment context," which the Supreme Court expressly approved in *Foley.* (*Foley* v. *Interactive Data Corp., supra,* 47 Cal.3d at p. 676; see also *Pugh* v. *See's Candies, Inc., supra,* 116 Cal.App.3d at pp. 324-329.)

██ The provisions of Corporations Code section 312, subdivision (b), relating to employment of corporate officers essentially correspond to the

at-will presumption of Labor Code section 2922 applicable to employees generally. We perceive no legal impediment or policy considerations to prevent interpreting section 312, subdivision (b) as creating a comparable presumption or to warrant insulating corporate employment relationships from similar recourse to well-established principles of contract law.

When enacting the relevant portions of section 312, subdivision (b), the Legislature did not, as it could have, limit its application to written or even express contracts. On the contrary, it specified the terms of *"any* contract of employment [italics added]" would be sufficient to overcome the assumption of otherwise at-will status. "Any" means "every" and "all" (Webster's Ninth New Collegiate Dictionary, p. 93) and, hence, encompasses more than contracts reduced to writing. Had the Legislature intended to impose greater limitations on corporate officers than other types of employees, it could have done so. (See, e.g., *Estate of Simpson* (1954) 43 Cal.2d 594, 600 [275 P.2d 467, 47 A.L.R.2d 991]; *Clements* v. *T.R. Bechtel Co.* (1954) 43 Cal.2d 227, 232 [273 P.2d 5].)[1]

On the other hand, "we must assume that when passing a statute the Legislature is aware of existing related laws and intends to maintain a consistent body of rules. [Citations.]" (*Fuentes* v. *Workers' Comp. Appeals Bd.* (1976) 16 Cal.3d 1, 7 [128 Cal.Rptr. 673, 547 P.2d 449].) The law of implied contracts, both statutory and judicial, was well established in 1977 when section 312, subdivision (b) took effect in its current form. While its relation to the statutory presumption of at-will employment remained to be clarified in *Pugh* several years later, the concept of implied contractual obligations has never been alien to the corporate world. ■ For example, "[w]hether a corporate officer is entitled to compensation depends on the intention of the parties. [Citations.] The parties may manifest their intention in any of the usual ways, that is, by formal contract, by resolution or simply by their actions." (*Wilson* v. *Red Bluff Daily News* (1965) 237 Cal.App.2d 87, 91 [46 Cal.Rptr. 591].) ■ "An officer who renders beneficial service to a corporation, without any lawful action of the board of directors fixing his compensation, but under circumstances negativing an intent that they were to be gratuitous, may recover the reasonable value of those services. [Citations.]" (*Caminetti* v. *Prudence, etc. Ins. Assn.* (1944) 62 Cal.App.2d 945, 951 [146 P.2d 15].)[2]

■ Furthermore, a corporate officer's ability to pursue an action for breach of implied contract does not depend on the existence of a specific

---

[1] We note that another provision of section 312, subdivision (b) specifies that an officer must tender "written" notice of resignation.

[2] The scant legislative history regarding the addition of the phrase "any contract of employment" does not conflict with our analysis or conclusions. It makes no distinction between the viability of express and implied contracts to preserve an officer's rights. (See Enrolled Bill Rep., Assem. Bill No. 2849, Stats. 1975, ch. 682.)

bylaw delineating the tenure of officers or the express authority of directors to employ officers for an indefinite term. The adoption of bylaws in general is discretionary (Corp. Code, § 207, subd. (b)) as is their inclusion of provisions for "[t]he appointment, duties, compensation and tenure of officers." (Corp. Code, § 212, subd. (b)(6).) ■ As for the board of directors, except for retaining certain inherent functions, it need not involve itself in ongoing procedures but "may delegate the management of the day-to-day operation of the business of the corporation to a management company or other person . . . ." (Corp. Code, § 300, subd. (a).) ■ "The decisions are numerous to the effect that whether a corporation is to be bound by a transaction does not depend so much upon the presence or absence of any express delegation of authority to the agent purporting to act for it, but is to be determined upon a consideration of all the circumstances connected with the transaction, including the manner in which the corporation ordinarily conducts its business." (*First Nat. F. Corp.* v. *Five-O Drilling Co.* (1930) 209 Cal. 569, 574 [289 P. 844]; see also *Coats* v. *General Motors Corp.* (1934) 3 Cal.App.2d 340, 349 [39 P.2d 838]; cf. *Youngman* v. *Nevada Irrigation Dist., supra,* 70 Cal.2d at p. 246 ("Governmental subdivisions may be bound by an implied contract if there is no statutory prohibition against such arrangements. [Citations.]").)

■ We do not anticipate our interpretation of section 312, subdivision (b) will nullify the right of boards to employ officers on terms necessary and appropriate to their corporate operations including the ability to terminate without cause. As with Labor Code section 2922, the at-will presumption can only "be overcome by evidence that despite the absence of a specified term, the parties agreed that the employer's power to terminate would be limited in some way, e.g., by a requirement that termination be based only on 'good cause.' [Citations.]" (*Foley* v. *Interactive Data Corp., supra,* 47 Cal.3d at p. 677.) Corporations always retain the authority to enforce at-will employment conditions through bylaws or resolutions or through express contracts to this effect with individual officers (See e.g., *American Center For Education, Inc.* v. *Cavnar* (1978) 80 Cal.App.3d 476, 493 [145 Cal.Rptr. 736].)

In light of these conclusions, the allegations of Bell's first amended complaint were sufficient to state a cause of action for wrongful termination based upon breach of implied contract: At the time of her termination, she had been employed by 20th Century for more than 11 years during which time she performed well and was compensated commensurately. Bell further alleged 20th Century impliedly agreed she would not be terminated except for good cause based upon her "longevity of service, promotions, praise of her work, regular pay raises and bonuses, and [20th Century's] express personnel practices and policies indicating its obligation to deal

fairly and in good faith . . . ." Under the rationale of *Pugh* and *Foley*, these allegations, if proved, would be adequate to overcome the presumption of at-will employment created by section 312, subdivision (b). (See *Foley* v. *Interactive Data Corp., supra,* 47 Cal.3d at pp. 681-682.)

### DISPOSITION

Let a peremptory writ of mandate issue directing respondent superior court to vacate its order sustaining the demurrer of real party in interest to the second cause of action of petitioner's first amended complaint and to enter a new order overruling the demurrer.

Klein, P. J., and Croskey, J., concurred.

The petition of real party in interest for review by the Supreme Court was denied February 1, 1990.