[No. G010319. Fourth Dist., Div. Three. Nov. 21, 1991.]

WILLIAM J. GRISSOM, Plaintiff and Appellant, v.
VONS COMPANIES, INC., Defendant and Respondent.

**[Opinion certified for partial publication.*]**

---

*Pursuant to California Rules of Court, rule 976(b), this opinion is certified for publication
with the exception of part III.

**COUNSEL**

Mary L. Seebach for Plaintiff and Appellant.

Gregory C. Pyfrom and Paula C. Gentile for Defendant and Respondent.

**OPINION**

**JACKMAN, J.\*—**

I

In this case we explore an employer's duties under Labor Code section 2802,[1] which requires an employer to "indemnify" his or her employee "for all that the employee necessarily expends or loses in direct consequence of the discharge" of the employee's duties.[2] As explained below, the employer's duties include reimbursement of funds the employee "necessarily expends" to obtain independent counsel to defend an action for conduct within the course and scope of his or her employment. Because the plaintiff in this case may have necessarily expended funds for such counsel, we reverse the judgment of dismissal after a demurrer was sustained without leave to amend, and remand the case to give plaintiff the opportunity to amend.

*Judge of the Orange Superior Court sitting under assignment by the Chairperson of the Judicial Council.

[1]Unless otherwise noted, all statutory references are to the Labor Code.

[2]The complete text of Labor Code section 2802 is:

"An employer shall indemnify his employee for all that the employee necessarily expends or loses in direct consequence of the discharge of his duties as such, or of his obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying such directions, believed them to be unlawful."

## II

The plaintiff, a truck driver, was involved in an accident on November 29, 1987. Plaintiff claimed he was injured and sued the individuals he contended were responsible. He also presented a workers' compensation claim against his employer, a grocery chain.

The individuals sued by plaintiff struck back with a cross-complaint. They claimed he was responsible for their injuries. He demanded the grocery chain defend him from their claims.

The grocery chain hired a law firm to defend plaintiff against the cross-complaint. It was, however, the same law firm it hired to defend itself against plaintiff's workers' compensation claim. The law firm forced a reopening of discovery, which allowed the cross-complainants to obtain a medical examination of plaintiff—which he asserts was not at all helpful for either his own personal injury case or his workers' compensation claim.

When plaintiff discovered his law firm represented his employer in the workers' compensation claim, he fired it and demanded "independent counsel." The grocery chain refused and plaintiff instituted this lawsuit. The complaint seeks damages against the law firm for malpractice and a declaration the grocery chain is required to provide him with independent counsel.

The grocery chain demurred to the cause of action for a declaration, which was sustained without leave to amend. Plaintiff has now appealed from the subsequent order of dismissal of that cause of action. The lawsuit against plaintiff's former attorneys for malpractice continues.

## III*

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

## IV

This case arises under section 2802. As Justice Barry-Deal pointed out in her dissent in *Machinists Automotive Trades Dist. Lodge* v. *Utility Trailers Sales Co.* (1983) 141 Cal.App.3d 80, 87 [190 Cal.Rptr. 98], cases under this statute are few. The most important is *Douglas* v. *Los Angeles Herald-Examiner* (1975) 50 Cal.App.3d 449 [123 Cal.Rptr. 683]. This is the only case we have found, or to which we have been referred, that addresses the issue of defense costs for a lawsuit brought against an employee.

*See footnote, *ante,* page 52.

In *Douglas* a reporter was sued over a series of articles he had written allegedly using information in documents which were "illegally" leaked to him. The reporter requested that his employer, a newspaper, defend him against the suit, but the newspaper refused. The reporter then retained his own counsel and sued the newspaper, under section 2802, to recover his attorney's fees and costs. The trial court rendered a judgment in the newspaper's favor, but the appellate court reversed.

In reversing, the court flatly opined, "We have no doubt that Labor Code section 2802 requires an employer to defend or indemnify an employee who is sued by third persons for conduct in the course and scope of his employment." (50 Cal.App.3d at p. 461.) The court then concluded that if the suit against the reporter was because of acts done at the behest of his employer, the reporter "would be entitled to indemnity from [the newspaper] for the costs and expenses incurred in defending" the lawsuit against him. Because the trial court had not made findings on whether the reporter's acts were within the course and scope of his employment, the judgment had to be reversed and the case remanded. (See 50 Cal.App.3d at pp. 462-463.)

*Douglas* thus held the reporter might be entitled, depending on whether his acts were within the course and scope of his employment, to reimbursement for the fees and costs of the attorney *he* selected. But that is all it held. The case did not address the situation presented by this case, in which the *employer* selects and initially pays for counsel.

The grocery chain has assumed that an employer may totally discharge any obligation under section 2802 by unilaterally selecting and paying for counsel to defend the employee when the employee is sued for conduct in the course and scope of employment. The statement in *Douglas* that an employer must "defend or indemnify" an employee for such conduct is probably the source of this assumption. If section 2802 requires employers "to defend" an employee, it is logical to conclude that employers meet this requirement by selecting and then hiring counsel to defend the employee, much like a liability insurance company must do for a policyholder.

The statement in *Douglas*, however, is too broad. Section 2802 does not say that an employer must "defend" an employee. The word "defend" does not appear in section 2802. The statute merely requires the employer to *indemnify* the employee for all that the *employee necessarily expends* in direct consequence of the discharge of the employee's duties. The focus of the

actual words of the statute is on the *employee's* expenditure. If *that* expenditure is necessarily in direct consequence of the discharge of the employee's duties, then the employer must "indemnify" (i.e., reimburse[3]) the employee.

It may be, of course, that an employee's expenditure of money on legal costs would be totally unnecessary if his or her employer timely provided competent counsel to defend the employee under circumstances where the counsel is not subject to any conflict of interest between the employer and employee. In such a situation, for the employee to select and then hire his or her own counsel *in addition* to counsel already being provided free of charge might, depending on all the facts involved, be a gross waste of resources and highly unreasonable.

On the other hand, just because an employer selects and pays for an attorney to defend an employee does not mean that the employee might not find it reasonably necessary to select and hire additional counsel. Counsel selected by the employer may be incompetent, or, as the initial law firm selected by the employer in this case, possibly caught in a conflict of interest between the employer and the employee. Additionally, the sheer press of time may make it "necessary" for an employee to select and hire his or her own counsel. If an employer dithers on an employee's request for counsel while time to respond to a complaint or some discovery request is running out, the employee is practically forced to go out and hire an attorney to take the appropriate action—even if the employer *later* decides to provide counsel free of charge.

Necessity is by nature a question of fact. Black's Law Dictionary points out that the word "necessary" is "susceptible of various meanings" depending on the context in which it is used. (See Black's Law Dict. (5th ed. 1979) p. 928.) Accordingly, ascertaining what was a necessary expenditure will require an inquiry into what was reasonable under the circumstances. ██ ██ While we can imagine some factors which have an obvious bearing on whether legal expenses incurred by an employee are necessary,[4] the reasonableness of any given expenditure must turn on its own facts.

---

[3]Black's Law Dictionary (5th ed. 1979) at page 692 defines "indemnify": "To restore the victim of a loss, in whole or in part, by payment, repair, or replacement. To save harmless; to secure against loss or damage; to give security for the reimbursement of a person in case of an anticipated loss falling upon him. To make good; to compensate; to make reimbursement to one of a loss already incurred by him."

[4]Such factors include:

—whether the employer has already agreed to provide counsel;

—the competency and experience of counsel provided by the employer;

—any time constraints requiring the employee to take unilateral action in selecting and hiring counsel;

We cannot say, based on the record before us, that plaintiff has no cause of action for reimbursement against the grocery company. While the complaint does not allege that retention of independent counsel was necessary to the defense of the cross-complaint, there are not enough facts in the complaint—particularly regarding circumstances after the discharge of the first law firm—to say now that the retention was not necessary as a matter of law. There is a "reasonable possibility" plaintiff might be able to state a good cause of action. Plaintiff therefore should have the opportunity to amend his complaint. (See e.g., *Okun* v. *Superior Court* (1981) 29 Cal.3d 442, 460 [175 Cal.Rptr. 157, 629 P.2d 1369]; *Youngman* v. *Nevada Irrigation Dist.* (1969) 70 Cal.2d 240, 245 [74 Cal.Rptr. 398, 449 P.2d 462].)

V

As a parting comment, we emphasize this is not a *"Cumis"* case as the term is sometimes used in insurance law. (See *San Diego Federal Credit Union* v. *Cumis Ins. Society, Inc.* (1984) 162 Cal.App.3d 358 [208 Cal.Rptr. 494, 50 A.L.R.4th 913].) ■ The *"Cumis"* doctrine was developed in the context of contracts of indemnity specifically obligating insurers to "defend" their insureds. Because insurance companies cannot themselves practice law, they must *delegate* their duty to defend to attorneys. (See *Merritt* v. *Reserve Ins. Co.* (1973) 34 Cal.App.3d 858, 880-881 [110 Cal.Rptr. 511].) The *"Cumis"* doctrine was born of the commercial reality that attorneys who regularly receive defense work from insurers may find themselves subject to conflicting loyalties when there is a dispute between the insurer and the insured which might be affected by the way the defense is conducted. (See *San Diego Federal Credit Union* v. *Cumis Ins. Society, Inc., supra,* 162 Cal.App.3d 358, 374-375 [counsel selected and paid by insurer face conflict of interest when defending insured where there is a coverage dispute]; see also *United States Fidelity & Guaranty Co.* v. *Superior Court* (1988) 204 Cal.App.3d 1513, 1522 [252 Cal.Rptr. 320] [noting *Cumis's* emphasis on ethical problem of attorney conflict of interest].)

■ This case, by contrast, is not governed by the terms of an insurance contract. We are by no means extending the *"Cumis"* doctrine to suits against employees. Rather, we decide this case strictly under section 2802,

---

—the complexity and difficulty of the litigation against the employee in relation to the ability and capacity of the employer-provided counsel;

—whether there are any conflicts between the employer and the employee;

—the past history of the relationship between the employer and the employee; and

—the nature of any problems arising in the attorney-client relationship and the reasons behind those problems.

Evidence relating to these factors is obviously relevant in determining whether any given expenditure is a necessary one.

the obvious purpose of which is to protect employees from suffering expenses in direct consequence of doing their jobs. The rights it creates are statutory, not contractual. (*Machinists Automotive Trades Dist. Lodge* v. *Utility Trailers Sales Co., supra,* 141 Cal.App.3d at pp. 82-83.)

■■■■ Plaintiff may be able to state a cause of action for indemnity under section 2802 for fees incurred to independent counsel.[5] We therefore reverse the judgment dismissing the grocery chain from the case and remand the case to give plaintiff an opportunity to amend his complaint.

Sills, P. J., and Moore, J., concurred.

---

[5]A cause of action against an employer for indemnity under section 2802 does not, however, encompass damages allegedly sustained by an employee arising out of the malpractice of counsel provided by the employer. The employee's remedy is against the counsel, who works as an independent contractor, not against the employer who initially hires that counsel. (See *Merritt* v. *Reserve Ins. Co., supra,* 34 Cal.App.3d at pp. 881-882 [remedy for negligently conducted litigation by insurer-provided trial counsel is malpractice action against counsel, not in suit against the insurer based on vicarious liability].)

In this regard we also wish to point out that we are not deciding whether the counsel initially provided by the employer in this case was actually subject to a conflict of interest. That is an issue awaiting further development at the trial level.