MEMORANDUM **
Barry Kliff appeals the district court’s decision granting summary judgment in favor of Hewlett Packard (“HP”) as to all claims.
A district court’s decision to grant summary judgment is reviewed de novo. See, e.g., Universal Health Servs., Inc. v. Thompson, 363 F.3d 1013, 1019 (9th Cir.2004). Our review is governed by the same standard used by the trial court pursuant to Fed.R.Civ.P. 56(c); therefore, on review, we must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Olsen v. Idaho State Bd. of Medicine, 363 F.3d 916, 922 (9th Cir.2004). Summary judgment may be affirmed on any ground supported by the record. See Enlow v. Salem-Keizer Yellow Cab Co., 389 F.3d 802, 811 (9th Cir.2004).
Upon review, we affirm the district court.
I.
This action arises out of the recruitment of Kliff for the position of “Chief of Staff’ to the Vice President of Internal Communications of HP, his acceptance of that offer, and the subsequent termination of Kliffs employment approximately three months later.
The central issue in the present appeal is whether Kliff and HP formed a contract that included the provision that Kliff would be terminated only for “good cause,” or whether Kliffs employment was “at-will.” In opposing the motion for summary judgment, Kliff submitted evidence that, during the interview process, he had discussions regarding HP’s and HP’s employees’ general expectations regarding length of employment with HP. He also submitted evidence that certain email communications he received from HP did not expressly refer to an “at-will” employment status. However, the uncontroverted evidence of record establishes that, before he began his employment, and less than one week after he received the initial offer from HP, he executed documents entitled “Application for Employment” and “Employment Acceptance Form,” both of which set forth in express terms that his employment would be “at-will.”
This uncontroverted fact is ultimately dispositive of all of Kliffs claims.
II.
In considering the breach of contract claim, we reject at the outset Kliffs implicit argument that he should not be bound by the at-will provision of the “Application for Employment” and “Employment Acceptance Form” because he did *475 not read them. See Madden v. Kaiser Found. Hosps., 17 Cal.3d 699, 131 Cal. Rptr. 882, 552 P.2d 1178, 1185 (1976) (applying the “general rule that one who assents to a contract is bound by its provisions”); Izzi v. Mesquite Country Club, 186 Cal.App.3d 1309, 231 Cal.Rptr. 315, 319 (1986) (applying this general rule in rejecting a plaintiffs challenge to an arbitration clause on the basis of her failure to read it).
Here, the district court correctly considered the various writings between the parties as one agreement pursuant to California Civil Code section 1642: “Several contracts relating to the same matters, between the same parties, and made as parts of substantially one transaction, are to be taken together.” The details of HP’s offer and the process by which Kliff was to become an HP employee were revealed in a number of communications, and were clearly parts of “substantially one transaction.” Construing the writings together compels the conclusion that Kliff assented to the at-will employment status and therefore cannot now complain that his employment was terminated without cause.
Kliffs argument that the district court should have considered parol evidence to determine the parties’ intent is unpersuasive; the evidence upon which he relies contradicts the contract’s written terms, which is not permitted by the parol evidence rule. See, e.g., Wagner v. Columbia Pictures Industries, Inc., 146 Cal. App.4th 586, 52 Cal.Rptr.3d 898, 903 (2007) (rejecting evidence that contradicted, rather than explained, a written agreement by stating “[t]he problem with [the plaintiffs] extrinsic evidence is that it does not explain the contract language, it contradicts it.”).
Moreover, even if evidence of oral assurances during the interview process regarding a “good cause” standard for dismissal were found to have resulted in an oral contract, it would have been, pursuant to California law, superseded by the written contract. See Cal. Civ.Code § 1697 (“A contract not in writing may be modified in any respect by consent of the parties, in writing, without a new consideration, and is extinguished thereby to the extent of the modification.”).
Kliffs contention that HP’s disciplinary policies create an obligation to attempt to remedy an employee’s performance before terminating the employee is belied by the policies themselves, which provide exceptions—including one based on length of employment—from the general process of attempting to remedy an employee’s poor performance prior to dismissal.
Finally, Kliffs unconscionability argument was not raised below and is therefore waived on appeal. See Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 321 F.3d 878, 882 (9th Cir.2003).
The district court properly granted summary judgment as to Kliffs breach of contract claim.
III.
California Labor Code section 970 provides in pertinent part:
No person, or agent or officer thereof, directly or indirectly, shall influence, persuade, or engage any person to change from ... any place outside to any place within the State, ... for the purpose of working in any branch of labor, through or by means of knowingly false representations, whether spoken, written, or advertised in printed form, concerning either: (a) The kind, character, or existence of such work; [or] (b) The length of time such work will last, or the compensation therefor....
*476 The district court identified the familiar elements of fraud as those constituting a claim for a violation of this statute: (1) a false representation by the defendant; (2) made with knowledge of its falsity; (3) to induce the plaintiffs reliance; (4) upon which plaintiff did in fact rely; and (5) plaintiff suffered damages.
Here, the record clearly establishes that Kliff cannot establish the first, second, or fourth elements of this claim. As Kliff acknowledges, in order to establish the intent element, one must offer evidence that tends to establish something greater than the mere non-performance of an oral promise. See Tenzer v. Superscope, Inc., 39 Cal.3d 18, 216 Cal.Rptr. 130, 702 P.2d 212, 219 (1985). The thrust of Kliffs argument is that he was not informed of the fact that his employment would be on an at-will basis. The undisputed record establishes the contrary; Kliff signed two written agreements that unambiguously stated, just above his signature, that his employment was on an at-will basis. Therefore, not only is the reeox-d devoid of any evidence of intent, it lacks the even more basic element of an underlying misx-epresentation, and therefore Kliff has failed to raise a tx-iable issue of fact as to the first or second element of a violation of section 970.
Moreover, although not articulated by the district court, the record below, when viewed in light of a recent California Supreme Court case considering an employee’s analogous fraud claim on facts strikingly similar to those presented here, compels a finding that Kliff has also failed to raise a triable issue of fact as to element of justifiable reliance. See Dore v. Arnold Worldwide, Inc., 39 Cal.4th 384, 46 Cal.Rptr.3d 668, 139 P.3d 56, 61-62 (2006).
The district court propex’ly granted sum-max-y judgment as to Kliffs section 970 claim.'
IV.
As recognized by the district court and acknowledged by Kliff on appeal, Kliffs negligent misx’epresentation claim has essentially the same elements as his section 970 claim, but with a lesser intent standard required to prove this claim. In connection with this claim, Kliff maintains that he was duped into signing the “Application for Employment” and “Employment Acceptance Form,” thinking, based on the email sent to him, that the forms were just a couple of forms he had to sign to get his first paycheck in a timely manner. Indeed, the email sent to Kliff cautioned him to complete the inquired forms and return them so that he woxxld not have to endure a delay in x-eceiving his pay. However, there is no evidence that the statement made—that the forms needed to be returned promptly to ensure Kliff was paid on time—was untrue.
Kliffs point is that the email that attached the fox-ms for his review and execution did not specifically inform him of the contents of the agreements he was required to complete. He points to no legal authority that x-equires such duplicative disclosure. The relevant language was found on the forms themselves; the documents speak for themselves, and they inform their reader that employment with HP is at will. Kliff admits he signed the documents and, as noted previously, he is not excused from the tex-ms set forth therein on the basis of his failure to read them.
Moreover, as is the case with his section 970 claim, Kliffs execution of the “Application for Employment” and “Employment Acceptance Form” precludes, as a matter of law, justifiable reliance on statements to the contrary.
*477 The district court properly granted summary judgment as to Kliff s negligent misrepresentation claim.
V.
Finally, the district court properly granted summary judgment in favor of HP as to Kliffs claim for promissory estoppel because, in light of the fact that the parties entered into a contract, Kliffs claim was properly brought as one for breach of contract, rather than promissory estoppel. See Youngman v. Nevada Irr. Dist., 70 Cal.2d 240, 74 Cal.Rptr. 898, 449 P.2d 462, 469 (1969) (noting that the doctrine of promissory estoppel is meant to make a promise binding, under certain circumstances, even in the absence of consideration, and that therefore the doctrine is inapplicable where a promise is supported by consideration). Here, HP bargained for Kliffs performance on an at-will basis in exchange for a stated salary, and it employed him on that basis, making the doctrine of promissory estoppel inapplicable.
The district court properly granted summary judgment as to Kliffs promissory estoppel claim.
VI.
The judgment of the district court is AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.