**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 97-2210

_____

In re: US Currency, $844,520.00,                               *
--------------------------------                               *
                                          *
Dennis Cole,                              *
                                          *      Appeal from the United
States
          Appellant,               *      District Court for the
                                          *
Eastern District of Arkansas.
        v.                                *
                                          *
 **TO BE PUBLISHED**
United States of America,          *
                                          *
          Appellee.                *

_____

                              Submitted:  November 7,
1997
                                  Filed:  February
19, 1998

_____

Before WOLLMAN, LOKEN, and HANSEN, Circuit Judges.

_____

PER CURIAM.

    Dennis Cole appeals district court orders denying his
motion for return of property pursuant to Federal Rule of
Criminal Procedure 41(e).  Cole seeks to recover $844,520
that was administratively forfeited by the Drug
Enforcement Administration (DEA) in June 1994.  See  19
U.S.C. §§ 1607(a)(4), 1609; 21 U.S.C. § 881(a)(6).  The

money was seized after Cole was stopped for speeding on an interstate highway in western Missouri. Although Cole received timely notice of the DEA forfeiture action, he did not contest the forfeiture by filing a claim and bond, as 19 U.S.C. § 1608

requires. In these circumstances, the district court properly rejected Cole's attempt to collaterally attack the administrative forfeiture. See Muhammed v. Drug Enforcement Agency, 92 F.3d 648, 651-52 (8th Cir. 1996). Accordingly, we affirm.

Loken, Circuit Judge, concurring.

I agree that Dennis Cole is not entitled to relief because he waived his right to contest the merits of this forfeiture by not filing a timely claim and bond form after receiving timely and proper notice of the administrative forfeiture. See United States v. Woodall, 12 F.3d 791, 795 (8th Cir. 1993). But the underlying facts of this case should prompt Congress and the Department of Justice to investigate whether federal law enforcement officials are using their extensive forfeiture powers to frustrate the fiscal policy of States such as Missouri.

A bit of state law background is needed to frame this issue. Article IX, § 7, of the Missouri Constitution provides that "proceeds of all penalties, forfeitures and fines collected hereafter for any breach of the penal laws of the state" must be distributed to the public schools. In 1986, the Missouri Legislature enacted the Criminal Activity Forfeiture Act, MO. REV. STAT. §§ 513.600 *et seq.*, which authorizes civil forfeiture of property used in criminal activities. The statute initially made forfeiture proceeds available to law enforcement agencies. When a school district challenged this portion of the law, the Missouri Supreme Court held that it violated Article IX, § 7, of the state Constitution. See

<u>Reorganized Sch. Dist. No. 7 v. Douthit</u>, 799 S.W.2d 591 (Mo. banc 1990). This decision triggered a fierce political debate. Some law enforcement officials reportedly threatened to stop pursuing forfeitures if the proceeds did not go to law enforcement; others reportedly cut deals in which seized property was returned without forfeiture in return for payments to police or prosecutors.[1] Concerned by law

---

[1]<u>See</u> Dillon & Lynn, <u>Kansas City Police Have Kept Money Due Schools</u>, THE KANSAS CITY STAR, October 19, 1996, at A1; Connolly, <u>Reardon Often Avoids Forfeiture Statutes</u>, THE KANSAS CITY STAR, October 3, 1993, at A10; Stracke, <u>The Criminal Activity Forfeiture Act: Replete with Constitutional Violations</u>, 57 MO. L. REV. 909, 917 (1992); Rose & Poor, <u>Seizure After Loud Party Took Man's Computer, Stereo, TV</u>, ST. LOUIS POST-DISPATCH, May 3, 1991, at 1A; Young, <u>Schools Hail Ruling on Drug Assets</u>, ST. LOUIS POST-DISPATCH, November 28, 1990, at 1A.

enforcers' reactions, some school districts considered agreeing to give up their state constitutional entitlement in exchange for 30% of criminal activity forfeiture proceeds.[2]

With state law stacked against them after <u>Douthit</u>, Missouri law enforcers found a potent ally in the Department of Justice's equitable sharing programs, under which cooperating state and local law enforcement agencies may receive up to 85% of the proceeds from a federal forfeiture proceeding. <u>See</u> 21 U.S.C. § 881(e)(1)(A). When drug proceeds, for example, have been seized by state or local authorities, a federal agency may "adopt" the seizure and commence federal forfeiture. <u>See</u> 21 C.F.R. § 1316.91(1) (1998). So long as the federal agency has acted within its authority, this court and others have upheld the validity of adopted forfeitures even if the transferring state or local agency improperly seized or transferred the forfeited property. <u>See</u> <u>Madewell v. Downs</u>, 68 F.3d 1030, 1037–38 (8th Cir. 1995). Only when a state court has first acquired jurisdiction over the forfeiture *res* will federal agency adoption and forfeiture be preempted. <u>See</u> <u>Madewell</u>, 68 F.3d at 1041 n.13; <u>United States v. $12,390.00</u>, 956 F.2d 801, 805 (8th Cir. 1992). Thus, after <u>Douthit</u>, Missouri law enforcers could seize drug proceeds, present them to the DEA for adoption, and collect up to 85% of proceeds that would have gone to public schools under state law.

---

[2]<u>See</u> McGuire, <u>Seizures from Drug War Could Go to Schools, Police Under New Plan</u>, THE KANSAS CITY STAR, July 10, 1991, at C2.

In July 1993, the Missouri Legislature took strong action to assert state *judicial* control over this process.  <u>See</u> Von Kaenel, <u>Missouri Ups the Ante in the Drug Forfeiture "Race to the Res</u>," 72 WASH. U.L.Q. 1469 (Fall 1994). Among many

amendments to the Criminal Activity Forfeiture Act, the Legislature enacted § 513.647, which provides in relevant part:

> 1. No state or local law enforcement agency may transfer any property seized by the state or local agency to any federal agency for forfeiture under federal law until the prosecuting attorney and the circuit judge of the county in which the property was seized first review the seizure and approve the transfer to a federal agency. . . .

> 2. Prior to transfer, in an ex parte proceeding, the prosecuting attorney shall file with the court a statement setting forth the facts and circumstances of the event or occurrence which led to the seizure of the property and the parties involved, if known. The court shall certify the filing, and notify by mailing to the last known address of the property owner that his property is subject to being transferred to the federal government and further notify the property owner of his right to file a petition stating legitimate grounds for challenging the transfer. . . .

With that background, let us examine what apparently happened in this case. Cole's car was stopped by a state patrol officer for speeding. He consented to a search of the car, and a concealed compartment was found. The officer arrested Cole, took him to the Highway Department, and called a member of the Highway Patrol Drug and Crime Control Unit, who in turn called a DEA Special Agent. They found the currency in question when the secret compartment was opened. Federal forfeiture proceedings were begun without an adoption, no doubt on

-7-

the theory that the DEA agent had seized the currency. But that is pure fallacy. Cole, his vehicle, and everything in it were seized by the Missouri Highway Patrol when its officer made the initial traffic stop. By summoning a DEA agent and then pretending DEA made the seizure, the DEA and Highway Patrol officers successfully conspired to violate the Missouri Constitution, § 513.647 of the Missouri Revised Code, and a Missouri Supreme Court decision. Such action by federal law enforcers is contrary to the spirit, if not the letter, of the Department of Justice January 15, 1993, Adoption Policy and Procedure, issued by the

Executive Office for Asset Forfeiture as Directive No. 93-1.  <u>See</u> 1 David B. Smith, Prosecution and Defense of Forfeiture Cases, App. 7C (1997).  This Directive urges deference to the kind of state court proceedings that § 513.647 *requires* state and local law enforcers in Missouri to commence.

In my view, when potentially forfeitable property has been seized entirely by the efforts of state or local law enforcement officials, it is bad policy for federal law enforcers to use their broad forfeiture powers to frustrate state forfeiture law.  More narrowly, it is beyond DEA's jurisdiction to administratively forfeit property that, by reason of Mo. Rev. Stat. § 513.647, is within the jurisdiction of a state court, unless the state court has yielded its jurisdiction over the *res* to federal authority.  While I agree that Cole may not collaterally attack the forfeiture in this case, I would void any such federal forfeiture that is timely presented for direct judicial review.

A true copy.


Attest:


CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-9-