# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

CONSERVATION FORCE, a non-profit
corporation; MIGUEL MADERO
BLASQUEZ and COLIN G. CROOK,
hunters,
          *Plaintiffs-Appellants,*

                    v.                          No. 10-15306

KEN SALAZAR, United States                        D.C. No.
Secretary of Interior; ROWAN                     3:09-cv-01170-
GOULD, United States Fish &                          VRW
Wildlife Service Acting Director;
DANIEL G. SHILLITO, Pacific                       OPINION
Southwest Region Solicitor;
CAROLYN LOWN, Pacific Southwest
Region Assistant Solicitor; U.S.
FISH & WILDLIFE SERVICE,
                    *Defendants-Appellees.*

Appeal from the United States District Court
for the Northern District of California
Vaughn R. Walker, District Judge, Presiding

Argued and Submitted
July 11, 2011—San Francisco, California

Filed July 22, 2011

Before: Procter Hug, Jr., Barry G. Silverman, and
Susan P. Graber, Circuit Judges.

Opinion by Judge Hug

## COUNSEL

John J. Jackson, III, Conservation Force, Metairie, Louisiana, for the plaintiffs-appellants.

Kurt G. Kastorf, Charles R. Scott, Attorneys, United States Department of Justice, Washington, D.C., for the defendants-appellees.

## OPINION

HUG, Senior Circuit Judge:

This case involves the seizure and administrative forfeiture of two leopard trophies by the United States Fish and Wildlife Service ("FWS") from two hunters, Patricio Miguel Madero Blasquez and Colin Crook ("plaintiffs"), who attempted to import the leopard trophies from African countries without

proper export permits. Plaintiffs and Conservation Force, a nonprofit entity, filed suit against federal defendants Ken Salazar (Secretary of the Department of the Interior), Rowan Gould (Director of FWS), Daniel Shillito (Regional Solicitor for the Department of the Interior), Carolyn Lown (Regional Assistant Solicitor for the Department of the Interior), and the FWS asserting that the administrative forfeiture of their leopard trophies violated the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), the Eighth Amendment Excessive Fines Clause, and the Due Process Clause. We affirm the district court's dismissal of plaintiffs' CAFRA and constitutional claims.

## I.   Background

In this case, plaintiffs separately hunted leopards in two different African countries and then attempted to import the leopard trophies with deficient export permits. In July 2007, Blasquez hunted his leopard in Zambia with a hunting excursion company. On February 6, 2008, Blasquez attempted to import the leopard trophy (one skull and skin) into the United States through San Francisco without an export permit from the Zambian authorities. Blasquez told authorities that the airline had lost the Zambian export permit. A month later, FWS received a photocopy of a Zambian export permit that lacked the legally required signature, and there was no reason provided for supplying a copy instead of the original. On March 12, 2008, the FWS seized the trophy.

In June 2007, Crook hunted his leopard in Namibia. On March 3, 2008, Crook attempted to import his leopard trophy (one skull and skin) into the United States through San Francisco with an expired export permit from Namibia. The FWS later received an email from Namibian authorities stating that it considered the trophy legally exported under a newly issued permit, even though Crook had used an expired permit. On March 18, 2008, the FWS seized the leopard trophy.

On April 2, 2008, FWS sent each plaintiff a Notice of Seizure and Proposed Forfeiture regarding their leopard trophies. This notice provided that the plaintiffs should, by May 24, 2008, file either a petition for remission with the Office of the Solicitor *or* file a claim to initiate a judicial forfeiture proceeding. Both plaintiffs chose to pursue the administrative route and filed a petition for remission with the Office of the Solicitor. On May 13, 2008, Crook filed his petition for remission, arguing that his deficient export permit merely resulted from a clerical error. On May 20, 2008, Blasquez filed a petition for remission, arguing that the airline lost the export permit. Both petitions were denied by the Solicitor. Plaintiffs filed supplemental petitions for remission. These petitions were also both denied.

On March 17, 2009, plaintiffs and Conservation Force filed suit in federal court asserting that the defendants had violated their rights under CAFRA, the Eighth Amendment, and Due Process Clause. On July 23, 2009, the defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). On September 4, 2009, plaintiffs filed an opposition to the motion. On December 30, 2009, the district court granted the defendants' motion and dismissed plaintiffs' CAFRA claim for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and the remaining claims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

## II.  Standard of Review

We review de novo a district court's dismissal for lack of jurisdiction or failure to state a claim. *Serra v. Lappin*, 600 F.3d 1191, 1195 (9th Cir. 2010). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is

proper if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a motion to dismiss, a plaintiff's complaint must have sufficient facts "to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

## III.   Discussion

### A.   Jurisdiction

**[1]** Plaintiffs contend that the district court erred in dismissing their CAFRA claim for lack of jurisdiction. Under 50 C.F.R. § 12.23(a), the Department of Interior's Office of the Solicitor may seek forfeiture of property that is subject to forfeiture under the Endangered Species Act of 1973 ("ESA"), 16 U.S.C. §§ 1531-1544. Under the ESA, it is unlawful to import into the United States wildlife that is listed as an endangered species, like the leopard, unless the importer obtains the permits required under the Convention on International Trade in Endangered Species of Wild Fauna and Flora ("CITES"), 16 U.S.C. § 1538(a)(1)(A) and (c). CITES provides for the monitoring and restricting of trading certain species to protect them from commercial exploitation, and its trade restrictions are imposed through a system of permits and certificates. 50 C.F.R. §§ 23.1, 23.4. The FWS has the responsibility of implementing the ESA, which includes enforcing the CITES' permit requirements. 50 C.F.R. § 23.23(a).

**[2]** If an individual attempts to import property in violation of the ESA and CITES permit requirements, such property may be seized by the government. 50 C.F.R. §§ 12.23, 23.13. If such property is seized by the government, then the agency must notify the parties who have an interest in the seized property of its intent to forfeit the property. 18 U.S.C. § 983(a). An interested party must receive a notice advising the party that he or she may seek to reclaim the property

administratively or judicially, *i.e.*, one may file a petition for remission with the Office of the Solicitor or may file a claim for the forfeiture to be addressed in federal district court. 50 C.F.R. §§ 12.23(b), 12.24. The two remedies are distinct. A petition for remission "asks the agency for discretionary return of the property," while a claim "initiates the judicial process to decide whether the property should be forfeited." *Malladi Drugs & Pharm., Ltd. v. Tandy*, 552 F.3d 885, 889 (D.C. Cir. 2009) (*Malladi Drugs*). "A party claiming ownership of the seized property may choose to pursue either the administrative or the legal remedy, complying with the applicable filing deadline for its choice." *Id.* "The forfeiture statutes and regulations provide alternative, not sequential, administrative and legal remedies for an administrative forfeiture." *Id.* at 890. If a party pursues the administrative path, files a petition for remission, and the petition is denied, the only avenue to set aside the declaration of forfeiture is if the notice of forfeiture was not received. 18 U.S.C. § 983(e). This is the exclusive remedy after pursuing the administrative path for setting aside a forfeiture decision by the Office of the Solicitor. *Id.*

**[3]** In this case, the district court properly held that plaintiffs' CAFRA claim is barred from judicial review. Plaintiffs received proper notice of the proposed forfeitures. Plaintiffs chose to pursue an administrative path and filed petitions for remission and petitions for supplemental remission. These petitions were reviewed by the Office of the Solicitor and denied. Because plaintiffs chose to pursue administrative remedies, they waived the opportunity for judicial forfeiture proceedings. *See* 50 C.F.R. § 12.24(a) (expressly providing that remedies are exclusive); *Malladi Drugs*, 552 F.3d at 889 (holding that the remedies are exclusive); *Cole v. United States (In re $844,520)*, 136 F.3d 581, 582 (8th Cir. 1998) (per curiam) (holding that the remedies are exclusive). Accordingly, as it properly held, the district court properly dismissed the action.

AFFIRMED.