**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JEFFERY L. PHILLIPS,

      Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA; et al.,

      Defendants - Appellees.

No. 10-16629

D.C. No. 3:09-cv-08172-FJM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, District Judge, Presiding

Submitted December 19, 2011[**]

Before:     GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

    Jeffery L. Phillips appeals pro se from the district court's judgment

dismissing his action contesting the Drug Enforcement Agency's seizure and

forfeiture of $161,868.06 in cash that police officers discovered in Phillips's

vehicle after he was stopped for speeding. We have jurisdiction under 28 U.S.C.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo the district court's dismissal, *Conservation Force v. Salazar*, 646 F.3d 1240, 1241 (9th Cir. 2011), and for an abuse of discretion the denial of leave to amend, *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). We affirm.

The district court properly dismissed Phillips's action because Phillips pursued his administrative remedies by filing a "Petition for Remission or Mitigation of Forfeiture" and conceded that he received the notice of forfeiture. *See Conservation Force*, 646 F.3d at 1242 ("If a party pursues the administrative path, files a petition for remission, and the petition is denied, the only avenue to set aside the declaration of forfeiture is if the notice of forfeiture was not received." (citing 18 U.S.C. § 983(e)).

The district court did not abuse its discretion by denying leave to amend because amendment would have been futile. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

We are not persuaded by Phillips's remaining contentions, including that his petition for remission was also meant to be a claim invoking judicial review.

**AFFIRMED.**