

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| BRANDON MULFORD PERT, | ) | No. 11-16269 |
| | ) | |
| Plaintiff – Appellant, | ) | D.C. No. 3:10-cv-00739-LRH-RAM |
| | ) | |
| v. | ) | **MEMORANDUM**[*] |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant – Appellee. | ) | |
| | ) | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Argued and Submitted November 6, 2012
San Francisco, California

Before:     FARRIS, FERNANDEZ, and BYBEE, Circuit Judges.

Brandon Mulford Pert appeals the district court's dismissal of his complaint

in which he sought to attack the Drug Enforcement Administration's ("DEA")

forfeiture of money that he had in his automobile when he was stopped by the

police.  We affirm.

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

(1)     The DEA gave Pert, and his counsel, notice that administrative forfeiture proceedings were underway.  See 18 U.S.C. § 983(a)(1)(A)(i), (iv); 19 U.S.C. § 1607(a); 21 U.S.C. § 881(d).  He was informed that he could either petition the DEA for remission or mitigation,[1] or file a claim with it,[2] by a designated date.  If the former is filed, the administrative forfeiture proceedings go forward;[3] but if the latter is filed, judicial proceedings are invoked.[4]  Pert did file a document with the DEA and we agree with the DEA and the district court that his filing was a petition for remission.  Among other things, the document specifically asked for remission.  When the DEA referred to it as a "Petition for Remission or Mitigation," Pert did not inform the agency that his filing was not in fact a petition, but, rather, reasserted a demand for remission and cited remission regulations.  Pert could not obtain judicial review of the administrative forfeiture decision that ensued.  See Conservation Force v. Salazar, 646 F.3d 1240, 1242–43 (9th Cir. 2011).[5]  The district court did not err when it so decided.  See Robinson v. United

---

[1]See 19 U.S.C. § 1618.

[2]See 18 U.S.C. § 983(a)(2).

[3]See 19 U.S.C. §§ 1609, 1618; 28 C.F.R. §§ 9.3, 9.5.

[4]See 18 U.S.C. § 983(a)(3)(A).

[5]Had Pert failed to receive notice, he could have sought review.  See 18
(continued...)

2

States, 586 F.3d 683, 685 (9th Cir. 2009); Dreier v. United States, 106 F.3d 844, 847 (9th Cir. 1997).

(2)    Pert asserts that the time for filing a claim should have been equitably tolled. We disagree. The doctrine of equitable tolling does apply in proper cases,[6] but it does not avail Pert because he never did expressly change his demand to the DEA for remission. In fact, as we have already noted, when informed of the DEA's position, he again demanded "immediate remission."[7]

AFFIRMED.

---

[5](...continued)
U.S.C. § 983(e); Conservation Force, 646 F.3d at 1242. However, he did receive notice.

[6]See Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 95–96, 111 S. Ct. 453, 457–58, 112 L. Ed. 2d 435 (1990); William G. Tadlock Constr. v. U.S. Dep't of Def., 91 F.3d 1335, 1340–41 (9th Cir. 1996). The doctrine is limited to exceptional or unusual cases, and requires parties to exercise diligence in considering notices and the like. See Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 150–51, 104 S. Ct. 1723, 1725–26, 80 L. Ed. 2d 196 (1984) (per curiam); Huynh v. Chase Manhattan Bank, 465 F.3d 992, 1005 (9th Cir. 2006).

[7]Pert also seeks to assert that the district court should have reviewed the forfeiture decision of the DEA pursuant to the doctrine of equitable jurisdiction. We decline to consider that issue; Pert waived it by not raising it at the district court and by not properly arguing it in his opening brief. See Smith v. Marsh, 194 F.3d 1045, 1052 (9th Cir. 1999); Crawford v. Lungren, 96 F.3d 380, 389 n.6 (9th Cir. 1996); see also United States v. Kama, 394 F.3d 1236, 1238 (9th Cir. 2005).

3