

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| HENRY TROUP; VERONICA TROUP, | No. 11-56637 |
| Plaintiffs - Appellants, | D.C. No. 2:10-cv-01089-PSG-VBK |
| v. | |
| TOYOTA MOTOR CORPORATION; TOYOTA MOTOR SALES, U.S.A., INC., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted August 26, 2013
Pasadena, California

Before: GOULD and RAWLINSON, Circuit Judges, and LEMELLE, District Judge.[**]

Henry and Veronica Troup appeal the district court's dismissal of their class

action complaint. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Ivan L.R. Lemelle, District Judge for the U.S. District Court for the Eastern District of Louisiana, sitting by designation.

1.     The district court properly dismissed the Troups' claim predicated on breach of an express warranty. The Toyota Prius's alleged design defect does not fall within the scope of Toyota's Basic Warranty against "defects in materials or workmanship." In California, express warranties covering defects in materials and workmanship exclude defects in design. *See Daugherty v. Am. Honda Motor Co., Inc.*, 144 Cal. App. 4th 824, 830 (2006), *as modified* ("[Plaintiff] argues . . . that a defect that exists during the warranty period is covered, particularly where it results from an 'inherent design defect,' if the warrantor knew of the defect at the time of the sale. We disagree."). Moreover, the Troups failed to adequately allege a materials or workmanship defect. Despite its scattered references to "materials", the gravamen of the complaint is that the Prius's defect resulted from the use of resin to construct the gas tanks, which is a design decision. *See McCabe v. Am. Honda Motor Co.*, 100 Cal. App. 4th 1111, 1120 (2002) ("A design defect . . . exists when the product is built in accordance with its intended specifications, but the design itself is inherently defective. . . .") (citation omitted).

2.     Although a closer question, we also conclude that the district court properly dismissed the Troups' claim predicated on breach of the implied warranty of merchantability. The Troups failed to allege that their Prius was unfit for its

intended purpose, as the alleged defect did not compromise the vehicle's safety, render it inoperable, or drastically reduce its mileage range. We recognize that the California Court of Appeal held in *Isip v. Mercedes-Benz, USA, LLC*, 155 Cal. App. 4th 19, 27 (2007), that a defect need not render a vehicle inoperable to give rise to a claim for breach of implied warranty. However, the alleged defect in *Isip* drastically undermined the ordinary operation of the vehicle. *See id.* at 22. By contrast, the defect alleged by the Troups did not implicate the Prius's operability; rather, it merely required the Troups to refuel more often. Absent more, the complaint fails to state a plausible claim for breach of the implied warranty of merchantability. *See Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) ("To survive a motion to dismiss, a plaintiff's complaint must have sufficient facts to state a facially plausible claim to relief.") (citation and internal quotation marks omitted).

**3.** Although the district court dismissed the Troups' claim under California's Unfair Competition Law (UCL) for failure to state a claim, we observe that the Troups also probably lacked standing to assert that claim because they are Pennsylvania residents who purchased their Prius in their home state. *See Norwest Mortg., Inc. v. Superior Court*, 72 Cal. App. 4th 214, 222 (1999) ("[The UCL]

contains no express declaration that it was designed or intended to regulate claims of nonresidents arising from conduct occurring entirely outside of California. . . .”). In any event, the Troups also failed to state a plausible claim under the UCL given their failure to successfully allege a breach of implied or express warranty, which are predicates for their UCL claim. *See Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012) (“The UCL borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable. . . .”) (citation and internal quotation marks omitted).

**4.** Given the Troups’ failure to state a claim for breach of an express or implied warranty, the district court also properly dismissed their claim under the Magnuson-Moss Warranty Act, a federal cause of action requiring a breach of warranty under state law. *See Birdsong v. Apple, Inc.*, 590 F.3d 955, 958 n.2 (9th Cir. 2009) (“[B]ecause we conclude that the plaintiffs have failed to state a claim for breach of an express or implied warranty, their claim[] under the[] [Magnuson-Moss Warranty Act is] also properly dismissed.”).

**5.** Finally, the district court’s decision to dismiss the complaint with prejudice was not an abuse of discretion, especially given that the Troups were

afforded five opportunities to set forth plausible claims for relief.  *See Okwu v. McKim*, 682 F.3d 841, 846 (9th Cir. 2012) ("[The plaintiff] has not identified any amendment consistent with the facts she has already alleged that would give her a viable claim.  We therefore conclude that the district court's decisions to dismiss with prejudice . . . was not an abuse of discretion.") (footnote reference omitted).

**AFFIRMED.**