**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHERIE J. MORGAN, an individual, | No. 14-55203 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-04350-CAS-MRW |
| v. | |
| AURORA LOAN SERVICES, LLC, a Delaware Limited Liability Company and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a California Corporation, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted March 9, 2016
Pasadena, California

Before: REINHARDT, MURGUIA, and OWENS, Circuit Judges.

Plaintiff Cherie J. Morgan appeals the district court's dismissal under

Federal Rule of Civil Procedure 12(b)(6) of her diversity action against Defendants

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Aurora Loan Services, LLC and Mortgage Electronic Registration Systems (MERS). Morgan's action arises from an allegedly wrongful nonjudicial foreclosure proceeding brought against her real property. We have jurisdiction under 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the facts of this case, we do not repeat them here.

**1.** The district court properly dismissed Morgan's contract claims. She entered into two written agreements with Aurora—the workout agreement (WAG) and the foreclosure alternative agreement (FAA). First, Morgan's claim that Aurora breached the WAG and FAA by ultimately failing to offer her a permanent loan modification fails because neither the WAG nor the FAA guaranteed a permanent loan modification. *Cf. Corvello v. Wells Fargo Bank, NA*, 728 F.3d 878, 880-81 (9th Cir. 2013) (per curiam) (holding that the plaintiff stated a breach of contract claim where the contract provided that if he complied with a trial period plan, the lender would provide a loan modification agreement). Both contracts clearly provided that the aggregate plan payments would be insufficient to cure Morgan's arrearage, and that she would need to utilize a cure method to avoid

foreclosure. Neither requires Aurora to provide a permanent loan modification.[1]

Further, Morgan has not sufficiently alleged that any Aurora representative orally guaranteed a permanent loan modification upon successful completion of the WAG and FAA. Morgan alleges only she was told she "needed to enter into a Workout Agreement in order to receive a permanent loan modification."[2] Assuming without deciding that this statement was admissible under California's parol evidence rule, Cal. Civ. Proc. Code § 1856(g), at most it suggests that compliance with a workout agreement was a necessary, but not a sufficient, condition to obtain a permanent modification.

Morgan also alleges that Aurora breached the FAA by rejecting her July 4,

---

[1] Like the district court, we are unpersuaded by Morgan's reliance on the interpretation of a similar contract in *Pinel v. Aurora Loan Services, LLC*, 814 F. Supp. 2d 930, 943-44 (N.D. Cal. 2011).

[2] Morgan relies on an oral statement mentioned only in her opposition to defendants' motion to dismiss her third amended complaint, not in the complaint itself. We may not consider this statement because "[i]n determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers." *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) (quoting *Schneider v. Cal. Dep't. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998)). While "facts raised for the first time in plaintiff's opposition papers should be considered by the court in determining whether to grant leave to amend or to dismiss the complaint with or without prejudice," *id.*, Morgan has now filed four complaints without this statement and there is no reason to believe she would include it if granted another leave to amend.

2011 payment, but this too fails. Morgan's own allegations establish that she had missed one required payment by July 4, and thus was herself in breach. Even if Aurora breached the FAA by not accepting the July 4 payment, Morgan was not injured because Aurora still considered her for a permanent loan modification and did not foreclose on her property until after the FAA expired and she failed to cure the arrearage.

Finally, Morgan fails to state a claim that defendants breached the deed of trust. As Morgan was given leave to amend her second amended complaint only for the purpose of pleading claims similar to those in *Corvello*, her claim fails as an improper amendment. *See* Fed. R. Civ. P. 15(a)(2); *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (explaining that this court "may affirm based on any ground supported by the record"). Granting further leave to amend would be futile because, as Morgan had constructive and express notice of the trustee's sale, she was not injured by the defendants' alleged failure to comply with the technical requirements of § 2924f.

**2.** Morgan's intentional and negligent misrepresentation claims were

4

properly dismissed because she failed to sufficiently plead damages.[3]  *See Lazar v. Superior Court*, 909 P.2d 981, 984-85 (Cal. 1996) (stating the elements of intentional misrepresentation); *Wells Fargo Bank, N.A. v. FSI, Fin. Sols., Inc.*, 127 Cal. Rptr. 3d 589, 600 (Ct. App. 2011) (stating the elements of negligent misrepresentation); *see also* Cal. Civ. Code § 1709.  Morgan alleges that she was injured in forbearing from pursuing other options to save her home and spending time repeatedly contacting Aurora to ascertain the status of her loan modification and submitting requested documents.[4]  To the extent that some California courts of appeal recognize the time spent pursuing modification as a cognizable theory for damages in this context, a plaintiff must still plead an adequate factual basis for such damages, which Morgan has not done for either alleged injury.  *See Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (stating that a Rule 12(b)(6) dismissal is proper if there is "the absence of sufficient facts alleged under a cognizable legal theory" (quoting *Balistreri v. Pacifica Police Dep't*, 901

---

[3] As Morgan failed to sufficiently plead damages, we need not address any issues related to Federal Rule of Civil Procedure 9(b).

[4] Morgan does not dispute that any WAG or FAA payments made in reliance on purported misrepresentations that she would be reviewed for a permanent loan modification were made pursuant to preexisting contractual duties, and thus do not constitute damages.  *See, e.g.*, *Lueras v. BAC Home Loans Servicing, LP,* 163 Cal. Rptr. 3d 804, 829 (Ct. App. 2013).

F.2d 696, 699 (9th Cir. 1988)). *Compare Bushell v. JPMorgan Chase Bank, N.A.*, 163 Cal. Rptr. 3d 539, 549 (Ct. App. 2013) (holding that plaintiffs had adequately pled damages where they alleged they were injured by the time spent dealing with the defendant throughout the loan modification process, among other things) *with Lueras*, 163 Cal. Rptr. 3d at 829 ("Time and effort spent assembling materials for an application to modify a loan is the sort of nominal damage subject to the maxim de minimis non curat lex—i.e., the law does not concern itself with trifles.").

**4.** Morgan similarly fails to state a claim for "lack of standing" under § 2924(a)(6). This provision of the California Homeowner's Bill of Rights did not go into effect until January 1, 2013—well after Morgan's foreclosure—and does not apply retroactively. *See* Cal. Civ. Code § 2924(a)(6); *Myers v. Philip Morris Cos., Inc.*, 50 P.3d 751, 759 (Cal. 2002) (explaining that unless a California statute contains an express retroactivity provision, it will not be applied retroactively unless it is clear from extrinsic sources that the legislature intended it to be applied retroactively). To the extent that this claim can be construed as one for wrongful foreclosure, it still fails. Morgan alleges that Aurora was not the proper beneficiary of the deed of trust because the deed of trust was not assigned to the Lehman Trust before its closing date. A borrower does have standing to challenge an assignment

of her note and deed of trust on the basis of defects allegedly rendering the assignment void. *Yvanova v. New Century Mortg. Corp.*, 365 P.3d 845 (Cal. 2016). But because an act in violation of a trust agreement is voidable—not void—under New York law, which governs the Pooling and Servicing Agreement (PSA) at issue, Morgan lacks standing here. *See Rajamin v. Deutsche Bank Nat. Trust Co.*, 757 F.3d 79, 87-90 (2d Cir. 2014) (finding that "any failure to comply with the terms of the PSAs" did not render the "acquisition of plaintiffs' loans and mortgages void" because "[u]nder New York law, unauthorized acts by trustees are generally subject to ratification by the trust beneficiaries"). Similarly, to the extent Morgan alleges defects due to MERS's role in the securitization process, "California [courts] have universally held that MERS, as nominee beneficiary, has the power to assign its interest under a deed of trust." *Herrera v. Fed. Nat'l Mortg. Ass'n*, 141 Cal. Rptr. 3d 326, 328 (Ct. App. 2012).

**5.** The district court properly dismissed Morgan's quiet title and cancellation of instruments claims because she failed to allege facts sufficient to show tender in the amount of her indebtedness or a valid excuse to the tender requirement. *See Lona v. Citibank, N.A.*, 134 Cal. Rptr. 3d 622, 640-42 (Ct. App. 2011) (explaining the tender requirement and excuses to tender); *Miller v. Provost*, 33 Cal. Rptr. 2d

7

288, 289-90 (Ct. App. 1994) (quiet title); *Arnolds Mgmt. Corp. v. Eischen*, 205 Cal. Rptr. 15, 17-18 (Ct. App. 1984) (equitable set-aside).  First, as explained previously, Morgan's failure to tender is not excused by the allegedly voidable transfer of her note and deed of trust into the Lehman Trust.  *See Rajamin*, 757 F.3d at 88-90.  Second, no counterclaims survive to offset the amount of the debt claimed by Aurora.  Third, no specific circumstances here make it inequitable to enforce Morgan's debt.

**6.**  The district court properly dismissed Morgan's promissory estoppel claim. Under California law, promissory estoppel applies only in the absence of an express agreement between the parties.  *See Youngman v. Nevada Irr. Dist.*, 449 P.2d 462, 468 (Cal. 1969); *Fontenot v. Wells Fargo Bank, N.A.*, 129 Cal. Rptr. 3d 467, 483-84 (Ct. App. 2011).  As Morgan's payments under the WAG and FAA were made as part of a bargained-for exchange with Aurora, she fails to state a claim for promissory estoppel.

**7.**  Finally, the district court properly dismissed Morgan's claim under the Unfair Competition Law (UCL), Cal. Bus. & Prof. Code §§ 17200-17210.  Morgan alleges that defendants failed to comply with California's nonjudicial foreclosure scheme, but she lacked standing to bring this claim.  *See Kwikset Corp. v. Superior*

*Court*, 246 P.3d 877, 321-22 (Cal. 2011). Under the UCL, a plaintiff must show that her injury came "'as a result of' the unfair competition." *Id.* at 326 (quoting Cal. Bus. & Prof. Code § 17204). As Morgan's foreclosure resulted from her defaulting on her loan prior to defendants' allegedly wrongful acts, she has not stated a claim under the UCL. *See, e.g.*, *Jenkins v. JP Morgan Chase Bank, N.A.,* 156 Cal. Rptr. 3d 912, 933-34 (Ct. App. 2013) ("As [the plaintiff's] home was subject to nonjudicial foreclosure because of [her] default on her loan, which occurred before Defendants' alleged wrongful acts, [she] cannot assert the impending foreclosure of her home . . . was caused by Defendants' wrongful actions.").

**8.** The district court did not abuse its discretion in failing to grant Morgan's requests to amend her claims again. She was granted multiple opportunities to amend her claims, and did not demonstrate how she would cure the defects if further leave to amend were granted. *See Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1039 (9th Cir. 2002).

**AFFIRMED.**

9