NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRIGETTE TAYLOR,<br><br>    Plaintiff-Appellant,<br><br>v.<br><br>BOSCO CREDIT LLC; et al.,<br><br>    Defendants-Appellees. | No.   19-16727<br><br>D.C. No. 3:18-cv-06310-JSC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Jacqueline Scott Corley, Magistrate Judge, Presiding

Argued and Submitted September 14, 2020
San Francisco, California

Before:  SCHROEDER, W. FLETCHER, and VANDYKE, Circuit Judges.

Brigette Taylor appeals the district court's dismissal of her claims against

Bosco Credit LLC ("Bosco") and Franklin Credit Management Corporation

("Franklin" and, collectively, "Appellees") related to Appellees' foreclosure of her

home, resulting from Taylor's default on the second lien loan owned and serviced,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

respectively, by Bosco and Franklin. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

"We review de novo a district court's dismissal for … failure to state a claim." *Conservation Force v. Salazar*, 646 F.3d 1240, 1241 (9th Cir. 2011). Such dismissal "is proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Id.* at 1242 (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). "[W]e accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). These same standards apply to our review of dismissals based on statute of limitations grounds. *Gregg v. Haw. Dep't of Pub. Safety*, 870 F.3d 883, 886–87 (9th Cir. 2017).

1. The district court correctly concluded that Taylor failed to state a claim under the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq.* Taylor claims that Franklin violated TILA by failing to provide her with periodic statements, but claims seeking damages under TILA must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). And under the Consumer Financial Protection Bureau's ("CFPB") Regulation Z, periodic statements are not required "if delinquency collection proceedings have been instituted." 12 C.F.R. § 1026.5(b)(2)(i).

Here, Taylor received a Notice of Default in August 2015, and three Notices of Trustee's Sale were recorded in March 2016, April 2016, and January 2018. While the CFPB has not explicitly addressed whether nonjudicial foreclosures constitute "delinquency collection proceedings," it has provided bookend examples of what does and does not constitute a "delinquency collection proceeding" by explaining that "[c]reditors institute a delinquency collection proceeding by filing a court action or initiating an adjudicatory process with a third party. Assigning a debt to a debt collector or other third party would not constitute instituting a collection proceeding." 12 C.F.R. Pt. 1026, Supp. I, Part 1, Comment 5(b)(2)(i)(4).

Given the plain text of "delinquency collection proceeding," and other courts' references to nonjudicial foreclosures, the phrase "delinquency collection proceeding" encompasses nonjudicial foreclosures. *See Friends of Animals v. U.S. Fish & Wildlife Serv.*, 879 F.3d 1000, 1005–06 (9th Cir. 2018) ("When a word is not defined by statute, we normally construe it in accord with its ordinary or natural meaning."), *cert. denied sub nom. Friends of Animals v. Fish & Wildlife Serv.*, 138 S. Ct. 2628 (2018); *see also Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029, 1033–39 (2019) (referring to "nonjudicial foreclosure proceedings" over half a dozen times); *Ho v. ReconTrust Co.,* 858 F.3d 568, 572 (9th Cir. 2017) (referring to California's nonjudicial foreclosure process as "foreclosure proceedings").

Taylor's reading of "delinquency collection proceeding" as limited *only* to court actions and adjudicatory processes under the CFPB comment's first sentence is belied by the comment's full text. If Taylor was correct that the first sentence in the comment establishes that "delinquency collection proceedings" can *only* include court actions and adjudicatory processes, the comment's very next sentence providing an example of what *isn't* a "collection proceeding" would be superfluous. *Cf. Nat'l Ass'n of Home Builders v. Defs. of Wildlife*, 551 U.S. 644, 669 (2007) ("[W]e have cautioned against reading a text in a way that makes part of it redundant."); *Obduskey*, 139 S. Ct. at 1037 ("The reference to § 1692f(6) would on this view be superfluous, and we 'generally presum[e] that statutes do not contain surplusage.'"). It makes better sense to read the examples provided in the comment's two sentences as bookends, illustrating some examples of what would, and what wouldn't, constitute a "delinquency collection proceeding" under Regulation Z, but not purporting to address every such proceeding. And because nonjudicial foreclosures are simply not addressed by the examples provided in the comment, we return to the plain text of the phrase and conclude that "delinquency collection proceeding" encompasses nonjudicial foreclosures for the reasons given above. *See Perrin v. United States*, 444 U.S. 37, 42 (1979) ("A fundamental canon of statutory construction is that, unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning.").

4

Because nonjudicial foreclosures constitute "delinquency collection proceedings" under Regulation Z, Franklin's obligation to send periodic statements during that time was terminated. *See* 12 C.F.R. § 1026.5(b)(2)(i). Accordingly, the district court correctly determined that Taylor's TILA claim was time-barred. 15 U.S.C. § 1640(e).[1]

2.     The district court also correctly concluded that Taylor failed to state a claim under California's Unfair Competition Law ("UCL"), Cal. Bus. & Profs. Code §§ 17200 *et seq*. Taylor's TILA claim was properly dismissed as time-barred, so any UCL claim based on unlawful conduct under TILA was likewise properly dismissed. *See Berryman v. Merit Prop. Mgmt.*, 152 Cal. App. 4th 1544, 1554 (2007). Taylor's argument that her complaint also stated a claim under the "unfair" prong of the UCL is belied by the text of the complaint, especially her statement that her UCL "allegations are *tethered* to the following laws: Defendant FRANKLIN's violations of the Consumer Finance Regulations constitutes *unlawful* business practices under [the UCL]."

**AFFIRMED.**

---

[1] Taylor asserts that each failure to send a monthly statement is a separate violation of TILA. Even assuming *arguendo* that is true, because nonjudicial foreclosure proceedings were initiated more than a year prior to Taylor's suit, Franklin never violated TILA within the one-year limitations period at issue in this case.

5