NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 3 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RUBIA MABEL MORALES-ALFARO, | No. 23-55200 |
| Plaintiff-Appellant, | D.C. No. 3:20-cv-00082-LAB-BGS |
| v. | |
| UNITED STATES OF AMERICA; CORECIVIC, INC., | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| U.S. DEPARTMENT OF HOMELAND SECURITY; IMMIGRATION AND CUSTOMS ENFORCEMENT; UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT; UNITED STATES CUSTOMS AND BORDER PROTECTION; JOHN AND JANE DOES, 1-20, | |
| Defendants. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted May 21, 2025
Pasadena, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: GRABER, WARDLAW, and JOHNSTONE, Circuit Judges.

Rubia Mabel Morales-Alfaro, a native and citizen of El Salvador and a former detainee at the Otay Mesa Detention Center ("OMDC"), brought several claims against the United States and its contractor CoreCivic, Inc. ("CoreCivic") arising from her civil immigration detention. She appeals three decisions of the district court: (1) the partial dismissal of her Third Amended Complaint ("TAC"); (2) the grant of summary judgment to defendant United States; and (3) the grant of summary judgment to defendant CoreCivic. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

A.

Reviewing de novo, the district court properly dismissed Morales-Alfaro's constitutional claims, her tort claims against the United States under the Federal Tort Claim Act ("FTCA"), and her Rehabilitation Act ("RA") claim against CoreCivic. *See Conservation Force v. Salazar*, 646 F.3d 1240, 1241 (9th Cir. 2011). We take all allegations of material fact as true and construe them in the light most favorable to Morales-Alfaro. *Barnett v. Centoni,* 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).

*1. Constitutional claims.* The district court correctly dismissed as moot the TAC's three constitutional claims seeking injunctive and declaratory relief. *See Conservation Force*, 646 F.3d at 1241 (stating standard). Morales-Alfaro was

2

released from custody in March 2018, and she has not been redetained. Morales-Alfaro does not allege that she faces a likelihood of returning to OMDC, or to any other facility operated by CoreCivic. She likewise fails to plead that all United States immigration detention facilities would subject her to the constitutional violations alleged in the TAC. Accordingly, because there is neither a "reasonable expectation" nor a "demonstrated probability" that she will return to OMDC custody, her claims are moot. *Darring v. Kincheloe*, 783 F.2d 874, 876 (9th Cir. 1986).

2.    *FTCA claims.*  The district court incorrectly determined that the United States is immune from suit under the discretionary function exception to the FTCA's waiver of sovereign immunity,[1] but that error was harmless. The district court subsequently—at summary judgment—correctly found that she failed to raise a genuine dispute as to causation for her remaining tort claims, so we nevertheless affirm.[2] *See United States v. Fonseca-Martinez*, 36 F.3d 62, 65 (9th Cir. 1994) (per curiam) ("[We] may affirm so long as there exists any ground, fairly

---

[1]    This was error because, although the decision to contract with a private entity is a discretionary function, the Government's "actions in carrying out its responsibilities [are] not protected policy judgments." *Marlys Bear Med. v. United States ex rel. Sec'y Dep't Interior*, 241 F.3d 1208, 1214–15 (9th Cir. 2001); *see* 28 U.S.C. § 2680(a) (discretionary function exception).

[2]    At oral argument, counsel for Morales-Alfaro conceded that the causation determination for the dismissed claims would have been the same as those that proceeded to summary judgment.

supported in the record, that supports the district court's ruling.").

    *3.    RA claim.*[3] Even assuming that Morales-Alfaro preserved this claim for appeal, the district court properly dismissed her RA claim for failure to plead that CoreCivic was a recipient of the requisite "Federal financial assistance" for RA liability. *See* 29 U.S.C. § 794(a). The TAC's allegation that CoreCivic derived 51% of its 2015 revenue from federal sources establishes only that CoreCivic "benefit[s] economically" from federal funding, which does not equate to the receipt of federal financial assistance under the RA. *See Sharer v. Oregon*, 581 F.3d 1176, 1181 (9th Cir. 2009) (citation omitted); 45 C.F.R. § 84.10 (defining "federal financial assistance" for the purposes of the RA as including contracts "other than a direct Federal procurement contract or a contract of insurance or guaranty"). Morales-Alfaro failed to plead that CoreCivic received a federal "subsidy" such that it would be liable under the RA. *See Hingson v. Pac. Sw. Airlines*, 743 F.2d 1408, 1414–15 (9th Cir. 1984).

B.

    Reviewing de novo, the district court properly granted summary judgment to the United States on Morales-Alfaro's California state law tort claim alleging medical negligence. *See Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252,

---

[3]    Morales-Alfaro does not appeal the dismissal of the TAC's request for injunctive and declaratory relief against both defendants under the RA.

4

1257 (9th Cir. 2001) (stating standard). In determining "whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law," we view the evidence "in the light most favorable to the nonmoving party." *Oswalt v. Resolute Indus., Inc.*, 642 F.3d 856, 859 (9th Cir. 2011) (citation omitted).

In her Fourth Amended Complaint, Morales-Alfaro alleged that the United States negligently caused her to miscarry while in immigration detention, but at summary judgment she failed to present the requisite "competent expert testimony" that there is a "reasonable medical probability" that the United States's alleged negligence caused her miscarriage. *See Jones v. Ortho Pharm. Corp.*, 209 Cal. Rptr. 456, 460 (Ct. App. 1985). The expert opinion submitted by Morales-Alfaro was inconclusive as to the cause of her miscarriage, and thus failed to satisfy the "reasonable medical probability" requirement for California medical negligence tort claims. *Id.* Therefore, the district court correctly determined that Morales-Alfaro failed to raise a genuine issue of material fact as to the United States's causation of Morales-Alfaro's alleged harm. *See id.* ("A possible cause only becomes 'probable' when, in the absence of other reasonable causal explanations, it becomes more likely than not that the injury was the result of its action. This is the outer limit of inference upon which an issue may be submitted to the jury.").

## C.

The district court also properly granted summary judgment to CoreCivic on Morales-Alfaro's California state law tort claims.

*1.     Medical negligence.*  First, although Morales-Alfaro pled in her Fourth Amended Complaint that CoreCivic negligently caused her miscarriage and associated pain and suffering, the district court properly granted summary judgment to CoreCivic for the same reasons it granted summary judgment to the United States on Morales-Alfaro's medical negligence claim.  Morales-Alfaro failed to supplement the evidence presented in the prior summary judgment proceeding with the additional expert testimony needed to show a "reasonable medical probability" that her treatment in detention caused her miscarriage.  *See id.*

Additionally, even assuming that she successfully pled a claim alleging that CoreCivic negligently caused her pain and suffering separate from the miscarriage itself, Morales-Alfaro failed to raise a genuine dispute of material fact as to causation at summary judgment.  Her expert opined that, if medical care had been provided "expeditiously, [Morales-Alfaro] would have endured less uncertainty and potentially less pain."  But Morales-Alfaro cites no authority for the proposition that the harm of uncertainty can state a tort claim under California law, and the *potential* for less pain is insufficient to show causation for a medical negligence tort.  *See id.*

6

2.     *Punitive conditions.*  The district court also properly granted summary judgment to CoreCivic on Morales-Alfaro's claim that CoreCivic negligently subjected her to punitive conditions of civil detention.  Morales-Alfaro provides no support for her contention that CoreCivic's alleged actions breached CoreCivic's duty of care to detainees, and she failed to introduce any evidence that these alleged actions harmed her.  *See Lockheed Martin Corp. v. Superior Ct.*, 63 P.3d 913, 919 (Cal. 2003) (reciting the elements of a tort claim as duty, breach, proximate cause, and damages).

3.     *Remaining tort claims.*  The district court correctly determined that, absent a finding of negligence, Morales-Alfaro's other tort claims could not survive summary judgment.  Morales-Alfaro's claim for negligent infliction of emotional distress is not an independent tort under California law, but is instead a "parasitic damages" claim that depends on a separate finding of negligence.  *See Potter v. Firestone Tire & Rubber Co.*, 863 P.2d 795, 805 (Cal. 1993).  Similarly, her claims for negligent supervision and respondeat superior liability both rely on a determination that a particular employee was negligent.  *See Munoz v. City of Union City*, 16 Cal. Rptr. 3d 521, 549 (Ct. App. 2004) (holding that "the liability of the employer only attaches if and when it is adjudged that the employee was negligent as well," so the allegedly negligent employee must "at least be specifically identified"), *overruled in part on other grounds by Hayes v. County of*

*San Diego*, 305 P.3d 252, 263 n.1 (Cal. 2013). Finally, Morales-Alfaro's concession that CoreCivic employees received appropriate training dooms her negligent training claim.

**AFFIRMED.**